UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREW ROWE,

    Petitioner,

  v.

RICHARD MORGAN,

    Respondent.

Case No. C05-5264RBL

REPORT AND RECOMMENDATION

Noted for September 2, 2005

  Petitioner is a state prisoner currently incarcerated at the Washington State Penitentiary, located in Walla Walla, Washington. This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed with this court pursuant to 28 U.S.C. § 2254. After a careful review of the record, the undersigned submits the following report and recommendation, recommending the court deny the petition as untimely.

## DISCUSSION

  On April 11, 2005, petitioner filed an application to proceed *in forma pauperis* and a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #1). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d). Section 2244(d) reads:

  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

REPORT AND RECOMMENDATION
Page - 1

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2).  Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

For those persons in state custody whose convictions became final prior to the enactment of the AEDPA, the statute of limitations began to run on April 24, 1996, the date the AEDPA was enacted, and expired one year later on April 24, 1997, unless statutory tolling applied. Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir.1997), *overruled in part on other grounds by* Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir.1998) (en banc); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Plaintiff states in his petition that he was convicted and sentenced in Pierce County Superior Court on May 13, 1998, following a jury trial. Petition, p. 2.[1] Petitioner further states that the Washington State Court of Appeals, Division II, dismissed his appeal of that conviction on January 12, 2001, and that the Washington State Supreme Court denied his request for review on October 8, 2002. Id. at p.3.  In addition, although petitioner states that he filed a personal restraint petition in the Washington State Court of Appeals, Division II, he does not indicate when he filed that petition or when a final decision regarding

---

[1] This is actually the first page of petitioner's petition.  However, it is numbered page "(2)" at the bottom.  Thus, the second page of petitioner's petition is numbered page "(3)", and so on.  For the sake of clarity and consistency, the court has used the page numbers that appear on the pages of petitioner's petition in its citations.

REPORT AND RECOMMENDATION
Page - 2

that petition, if any, was issued. Thus, because it appears from the face of the petitioner's federal *habeas corpus* petition that his conviction and sentence became final more than one year prior to the date he filed his *habeas corpus* petition in this court, that petition is now time barred.

For the foregoing reasons, on June 15, 2005, the court issued an order to show cause informing petitioner that it would not serve his federal *habeas corpus* petition on respondent. The court, however, granted petitioner the opportunity to show that his petition was not in fact time-barred, by filing by no later than July 15, 2005, an amendment to his petition explaining why this matter should not be dismissed as untimely. To date, however, petitioner has not done so.

## CONCLUSION

Because it appears that petitioner has failed to timely file his federal *habeas corpus* petition within the AEDPA's one year statute of limitations, and because he has not responded to the court's order to show cause granting him the opportunity to explain why this matter should not be dismissed as untimely, the court should deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **September 2, 2005**, as noted in the caption.

DATED this 8th day of August, 2005.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3